UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NORMA L. VALLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CV-703-DCP |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 21]. Now before the Court are Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 22 & 23] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 24 & 25]. Norma L. Vallon ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Andrew M. Saul ("the Commissioner"). For the reasons that follow, the Court will **GRANT IN PART** Plaintiff's motion and **DENY** the Commissioner's motion.

## I.    PROCEDURAL HISTORY

On May 28, 2013, Plaintiff filed an application for disability insurance benefits and disabled widow's benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*,

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019, during the pendency of this case. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the Defendant in this case.

alleging disability beginning on May 25, 2013. [Tr. 19, 191–93]. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 158]. A hearing was held on October 7, 2015. [Tr. 32–96]. On November 27, 2015, the ALJ found that Plaintiff was not disabled. [Tr. 19–28]. The Appeals Council denied Plaintiff's request for review on November 7, 2016 [Tr. 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on December 22, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. On July 10, 2017, the Court issued a show cause order for Plaintiff's failure to show proof of service [Doc. 6], and on July 18, 2017, Magistrate Judge Shirley issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice [Doc. 7]. Plaintiff subsequently submitted proof of service and an objection to the Report and Recommendation [Docs. 8–9], and the Court rejected the Report and Recommendation and ordered the Commissioner to respond the Complaint [Doc. 11]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. It was previously found that the claimant is the unmarried widow of the deceased insured worker and has attained the age of 50. The claimant met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.
>
> 3. The prescribed period ended on March 31, 2015.
>
> 4. The claimant has not engaged in substantial gainful activity since May 25, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

5. The claimant has the following severe impairments: arthritis, lymphedema, affective disorders, and personality disorder (20 CFR 404.1520(c)).

6. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

7. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally climb ladders, ropes, and scaffolds and frequently climb ramps and stairs. Work is limited to simple, routine, repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple work-related decisions; and few, if any, workplace changes. She could have occasional interaction with the public and coworkers. There should be no complex written or oral communication.

8. The claimant is capable of performing past relevant work as a fast food worker or cleaner. This work does not require the performance of work-related activities by the claimant's residual functional capacity (20 CFR 404.1565).

9. The claimant has not been under a disability, as defined in the Social Security Act, from May 25, 2013, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 21–28].

### III.   STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541,

544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). A claimant will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

4

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4), -(e) and 416.920(a)(4), -(e). An RFC is the most a claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence, as she contends that the ALJ failed to explain why he omitted several limitations assessed by consultative examiner, Jeffrey Summers, M.D.,[2] despite the ALJ affording the opinion great weight. [Doc. 23 at 7–14]. Additionally, Plaintiff maintains that substantial evidence does not support the ALJ's finding that she could perform her past relevant work as a fast wood worker and a cleaner. [*Id.* at 14–18]. The Court will address Plaintiff's specific allegations of error in turn.

### A. Opinion of Jeffrey Summers, M.D.

Plaintiff contends that the ALJ failed to explain why he did not adopt the standing and walking limitations, as well as the kneeling, crouching, and stooping limitations in Dr. Summers' opinion, despite the ALJ affording the opinion great weight. Plaintiff asserts that the ALJ was required to explain why he did not adopt these limitations, as the ALJ's RFC determination was in conflict with Dr. Summers' opinion. In this regard, Plaintiff claims that Dr. Summers' opinion that Plaintiff was limited to standing or walking for a total of four hours in a work day is inconsistent with the ALJ's RFC finding that Plaintiff could perform light work. Additionally, Plaintiff alleges that this error was not harmless because if the ALJ had incorporated Dr. Summers' opinion, then Plaintiff would be unable to perform her past work.

The Commissioner responds that "the ALJ provided good reasons supported by substantial evidence for his RFC determination and for his conclusion that Plaintiff's disability allegations were inconsistent with the weight of the record." [Doc. 25 at 6–7]. The Commissioner maintains

---

[2] Plaintiff misidentifies the consultative examiner as Andrew Summers, M.D. [Doc. 23 at 5].

6

that the ALJ did not credit the assessed kneeling, crouching, and stooping limitations, as well as the opined standing or walking limitations, in Dr. Summers' opinion. Additionally, the Commissioner acknowledges that the ALJ misstated the number of hours that Dr. Summers opined that Plaintiff could stand and walk, but claims that the ALJ's discussion of the medical record demonstrates the evidence which supports the RFC determination. The Commissioner maintains that "[a]lthough the ALJ did not specifically explain why he did not adopt all of Dr. Summers' opinion, the ALJ's analysis of the evidence demonstrates that he granted more weight to other substantial medical and non-medical evidence in reaching his RFC finding." [*Id.* at 8].

Dr. Summers consultatively examined Plaintiff on April 8, 2014. [Tr. 300]. Dr. Summers noted that Plaintiff reported "aching pain and stiffness in [her] joints and swelling in [her] legs, that she utilized anti-inflammatory medications and rest, that her condition had never been evaluated by a physician, and that she never received any medical treatment. [*Id.*]. On examination, Dr. Summers found that Plaintiff had "1+ dependent edema present" in her lower extremities, but that there was no venous stasis or ulceration. [Tr. 301]. Additionally, Dr. Summers noted that Plaintiff's strength was 5/5 bilaterally at the major muscle groups, her muscle mass was normal in tone and bulk, her reflexes were "1+ bilaterally at the biceps, triceps, brachioradialis, patellar and Achilles areas," and her sensation was preserved throughout. [*Id.*]. Plaintiff's flexion at the waist was to 80 degrees, with her extension at the waist to 20 degrees, and lateral flexion at the waist to 25 degrees left and right. [*Id.*]. Lastly, Dr. Summers found that Plaintiff ambulated in a normal manner, and was able to stand and walk on both heels and toes, perform a full squat, and stand on either leg. [Tr. 302].

Accordingly, Dr. Summers noted his impressions of osteoarthritis and mild lymphedema of the lower extremities, as Plaintiff had a mild decrease in her range of motion at her lumbar

7

spine, as well as 1+ dependent edema in both lower extremities. [*Id.*]. Therefore, Dr. Summers opined that Plaintiff would have difficulty bending, stooping, kneeling, squatting, crouching, crawling, climbing, and lifting greater than twenty pounds, as well as standing and walking for greater than two hours continuously or four hours in a single workday. [*Id.*]. However, Dr. Summers noted that Plaintiff should be able to tolerate all other work activities, including maintaining the full and unrestricted use of both upper extremities, as well as the ability to work from a seated position and operate hand and foot controls. [*Id.*].

In the disability decision, the ALJ reviewed Dr. Summers' opinion, including, as Plaintiff noted, incorrectly stating that Dr. Summers opined that Plaintiff could walk and stand for four hours continuously. [Tr. 27]. Additionally, the ALJ detailed that Dr. Summers found that Plaintiff would have difficulty bending, stooping, kneeling, squatting, crouching, crawling, and climbing. [*Id.*]. The ALJ afforded Dr. Summers' opinion "great weight based on his findings on examination." [*Id.*].

Opinions from non-treating sources are never assessed for controlling weight but are evaluated using the regulatory balancing factors set forth in 20 C.F.R. § 416.927(c). *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). These opinions are weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability." *Id.* (citing 20 C.F.R. § 404.1527(c)). "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)). An ALJ is only required to provide good reason for explaining the weight assigned to the opinion of a "treating source." 20 C.F.R. § 416.927(c)(2); *see Perry v. Comm'r of Soc. Sec.*, 501 F. App'x 425, 426 (6th Cir. 2012) ("An ALJ need not 'give good reasons' for the weight he assigns opinions from physicians who, like Dr.

Pickering, have examined but not treated a claimant."). In fact, opinions from one-time consultative examiners are not due any special degree of deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

As an initial matter, the Court notes that when an ALJ fails to incorporate all of the limitations opined from a medical source who received great weight, "it does not follow that the ALJ's explanation is, therefore, procedurally inadequate, or that the RFC was not supported by substantial evidence." *Moore v. Comm'r of Soc. Sec.*, No. 1:13-CV-00395, 2013 WL 6283681, at *7 (N.D. Ohio Dec. 4, 2013); *see Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.") (citing *Harris v. Comm'r of Soc. Sec. Admin.*, No. 1:13–cv–00260, 2014 WL 346287, at *11 (N.D. Ohio Jan. 30, 2014)).

However, Plaintiff correctly states that the ALJ mischaracterized the standing and walking limitations in Dr. Summers' opinion, as the ALJ erroneously stated that Dr. Summers opined that Plaintiff could walk and stand for four hours continuously. Dr. Summers opined that Plaintiff could not reliably stand or walk for more than two hours continuously or more than four hours in a single day. [Tr. 302]. In the disability decision, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), wherein "a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." The "primary difference between sedentary and most light jobs" is the amount of walking and standing involved. *See* SSR 83–10, 1983 WL 31251, at *5 (Jan. 1, 1983). "Since frequent lifting or carrying requires being on one's feet up to two-

thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8–hour workday." *Id.*

Further, the ALJ failed to specifically address why he failed to include the specific standing and walking limitations, or the postural limitations other than climbing, in Dr. Summers' opinion. *See Woodruff v. Astrue*, No. 1:12-CV-1752, 2013 WL 821336, at *10 (N.D. Ohio Mar. 5, 2013) ("Here, despite granting Dr. Renneker's opinion great weight, the ALJ did not include limits on Plaintiff's ability to sustain neck flexion in his calculation of her RFC. Because these limitations conflict with the RFC—as the RFC contains no limits on these activities—SSR 96–8p requires the ALJ to explain their omission. A review of the ALJ's decision reveals that he did not explain his reasons for rejecting these limitations."). Social Security Ruling 96-8p provides that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184, at *7 (July 2, 1996). Here, while an ALJ may find that a claimant possesses the RFC to perform a modified range of light work, including standing for less than six hours of an eight-hour workday, the Court notes that the ALJ failed to include any limitation on Plaintiff's ability to stand or walk in the present case. *Cf. Moore v. Berryhill*, No. 3:17-CV-165-HBG, 2018 WL 3557346, at *6 (E.D. Tenn. July 24, 2018) ("While 'the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday,' . . . Plaintiff, like the claimant in *Icke*, was limited to a reduced range of light work.") (quoting Social Security Ruling 83-10, 1983 WL 31251, at *6 ( Jan. 1, 1983)); *see also Icke v. Comm'r of Soc. Sec.*, No. 1:16-CV-01208, 2017 WL 2426246, at *8 (N.D. Ohio May 16, 2017) (holding "that the ALJ appropriately relied on the [vocational expert] testimony that there were a significant number of jobs available for light work with a 4–hour

stand/walk limitation"), *report and recommendation adopted by*, 2017 WL 2418729, at *1 (N.D. Ohio June 2, 2017).

Therefore, Dr. Summers' opined standing and walking limitations were in conflict with the ALJ's RFC determination and the ALJ erred by failing to explain why he did not adopt this portion of the opinion. *See Scott v. Berryhill*, No. 3:18-CV-28-HBG, 2019 WL 1290880, at *5 (E.D. Tenn. Mar. 20, 2019) ("Although the Commissioner asserts that Dr. Uzzle's total opined limitations, including that 'Plaintiff could stand or walk—*each*—for hour hours total during an eight-hour workday, . . . is consistent with the full or wide range of light work . . . the ALJ ultimately erred by failing to incorporate any standing or walking limitations into Plaintiff's RFC."); *see, e.g.*, *Thieman v. Comm'r of Soc. Sec.*, 989 F. Supp. 2d 624, 634 (S.D. Ohio 2013) (holding the ALJ erred by failing to incorporate Plaintiff's treating physician's opinion that she could not "stand/walk longer than one hour at one time, and for a total of four hours in one work day" into the RFC, as the ALJ "determined that Plaintiff is capable of performing a reduced range of light work . . . and the ALJ failed to provide any additional walking/standing restrictions").

Additionally, Dr. Summers opined that Plaintiff would have difficulty bending, stooping, kneeling, squatting, crouching, crawling, and climbing. [Tr. 27 (citing Tr. 302)]. Plaintiff correctly states that the ALJ failed to detail why he only included a climbing limitation in the RFC determination. *See Kinsora v. Comm'r of Soc. Sec.*, No. 09-11507, 2010 WL 3385280, at *9 (E.D. Mich. July 23, 2010) ("The undersigned suggests that, where the ALJ found the examining physician's opinion consistent with other medical evidence of record, there was no basis to exclude the postural limitations from the hypothetical question. The undersigned is not persuaded by the Commissioner's argument that in finding that plaintiff could do light work, the ALJ is presumed

to have taken plaintiff's postural limitations into account."), *report and recommendation adopted by*, 2010 WL 3385279 (E.D. Mich. Aug. 26, 2010).

The Commissioner asserts that the ALJ's discussion of Dr. Summers' clinical findings when discussing Plaintiff's credibility demonstrates that he found that the medical record did not support a more restrictive RFC. [Doc. 25 at 9]; *see* [Tr. 25]. The ALJ cited to "the essentially normal or benign physical findings on the consultative examination, [which] suggests the claimant overestimates her symptoms." [Tr. 25]. Further, the Commissioner claims that "the ALJ granted more weight to Plaintiff's receipt of minimal treatment for her allegedly disabling pain, the benign clinical observations of record, and Plaintiff's relatively extensive daily activities, including her part-time work after her alleged onset of disability." [Doc. 25 at 8]. Thus, the Commissioner alleges that "[g]iven that the ALJ reached a less restrictive RFC than suggested by Dr. Summers, these same factors and evidence cited by the ALJ also support his implicit decision to reject the more restrictive portions of Dr. Summers' opinion." [*Id.* at 12].

As the assessed RFC was in conflict with Dr. Summers' opinion, the Court finds that such efforts constitute a post-hoc rationalization in support of the ALJ's decision. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural requirement protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion . . . .") (internal citations omitted); *Miller v. Comm'r of Soc. Sec.*, No. 1:13–CV–1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014) (remanding action where, *inter alia*, "the Court is unable to ascertain the ALJ's intent" because the ALJ "did not discuss her decision to omit the limitation" contained in a medical opinion to which the ALJ attributed "full weight"). The ALJ did not find that Dr. Summers' opinion was inconsistent with the medical record or detail how these

12

examination findings supported the exclusion of the assessed limitations. *See Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2016 WL 8115399, at *9 (E.D. Mich. May 19, 2016) ("Without an explanation of *why* the ALJ gave great weight to a physician's opinion, but discarded potions of it in rendering the RFC finding, the courts must simply assume that the ALJ supported his decision with substantial evidence . . . This is not a robust foundation for judicial review."), *report and recommendation adopted by*, 2016 WL 4055035 (E.D. Mich. July 29, 2016).

Lastly, the ALJ's use of vocational expert ("VE") testimony does not render the failure to include limitations on the amount of standing or walking harmless. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010) (internal citations omitted). Although the hypothetical question must accurately describe the claimant, there is no requirement that it must match the language of the RFC verbatim. *See Brock v. Comm'r of Soc. Sec.,* 368 F. App'x 622, 626 (6th Cir. 2010) (citation omitted) ("Further, a hypothetical question may be incomplete, yet still accurately portray a claimant's limitations.").

At the disability hearing, the VE testified that Plaintiff could perform her past relevant work as a fast food worker or cleaner [Tr. 93–94]. In the disability decision, the ALJ relied upon this testimony to find that Plaintiff was not disabled at step four because she could perform her past relevant work at these positions. [Tr. 27]. However, the VE also testified during the disability hearing that an individual with Plaintiff's RFC, combined with the four-hour standing and walking limitations assessed in Dr. Summers' opinion, would be unable to perform her past relevant work as a cleaner or fast food worker. [Tr. 95]. The ALJ did not question the VE about other jobs that

13

an individual with Plaintiff's RFC could perform.

Accordingly, the hypothetical question posed to the VE is not supported by substantial evidence because the ALJ failed to question the VE about the limitations in Dr. Summers opinion, and the ALJ merely found that Plaintiff could perform her past relevant work. *See Scott v. Berryhill*, No. 3:18-CV-28-HBG, 2019 WL 1290880, at *5 (E.D. Tenn. Mar. 20, 2019) ("Therefore, the hypothetical posed to the VE regarding both Plaintiff's past relevant work and other jobs that she could perform did not adequately portray Plaintiff's physical limitations, as the hypotheticals posed to the VE did not include similar standing and walking limitations as opined by Dr. Uzzle."); *Pope*, 2016 WL 8115399, at *9 (finding "the ALJ made no effort to incorporate into his RFC finding Dr. Lund's conclusion" regarding Plaintiff standing/walking restrictions, "the ALJ merely queried the VE as to whether a hypothetical worker limited to 'light work' and with certain other postural restrictions could perform jobs available in substantial numbers in the national economy," and "[t]he VE was thus not informed of Pope's specific standing and walking limitations which would have limited her to a subset of light work").

Although Dr. Summers did not opine specific postural limitations in the opinion, and both parties focus their briefs on the failure to include the standing and walking limitations, on remand, the ALJ should consider the assessed postural limitations in his reevaluation of Dr. Summers' opinion. *See, e.g.*, *Bales v. Colvin*, No. CIV 13-4021-RAL, 2014 WL 1270937, at *17 (D.S.D. Mar. 26, 2014) ("Despite giving Dr. Entwistle's assessment and the FCE great weight, the ALJ did not include any postural limitations in the RFC determination. Although the Commissioner argues that the ALJ's failure to include postural limitations in the RFC determination was harmless, it is unnecessary to reach this issue. Because the ALJ will be recalculating Bales's RFC on remand, he will have the opportunity to incorporate any appropriate postural limitations.").

Ultimately, the ALJ, after assigning great weight to Dr. Summers' opinion, failed to include the assessed standing and walking limitations, and did not explain this omission. The VE testified that an individual with these opined standing and walking limitations would be unable to perform Plaintiff's past relevant work. Therefore, for the reasons discussed above, the ALJ's failure to include such limitations is not harmless error. Plaintiff's case will be remanded to reevaluate Dr. Summers' opinion in accordance with this decision.

### B.     Plaintiff's Past Relevant Work

Plaintiff additionally claims that the ALJ's finding at step four that she could perform her past relevant work lacks substantial evidence. First, Plaintiff alleges that the record does not establish that Plaintiff's past work as a cleaner qualifies as substantial gainful activity. [Doc. 23 at 14–15]. Plaintiff asserts that she did not indicate that she had a cleaning job in her work-history reports, her earnings record indicated that she earned less than $600 while working at a Comfort Hotel in 2005, and she testified that she cleaned houses in 2013 and 2014—making less than $1,000 a month. [*Id.* at 15].

Next, Plaintiff maintains that her mental limitations in the RFC conflict with the demands of working in a fast food restaurant. [*Id.* at 16–18]. Plaintiff asserts that the ALJ improperly found that an individual who requires a work environment free of fast-paced production requirements, and who is required to avoid more than occasional interaction with coworkers and the public, is not able to be a fast food worker. [*Id.* at 16]. Although the ALJ's finding is supported by the VE's testimony, Plaintiff contends that "[b]ecause the ALJ did not explore the inconsistencies with the VE's testimony, the ALJ's finding that the fast food worker job accommodates Plaintiff's RFC is unsupported by substantial evidence." [*Id.*].

The Commissioner responds that "the ALJ compared the RFC finding to the functional

demands and job duties of Plaintiff's past work as a cleaner and fast food worker and determined that Plaintiff could perform these jobs both as Plaintiff actually performed them and as generally required by employers in the national economy." [Doc. 25 at 13]. Additionally, the Commissioner submits that even if the ALJ improperly found that Plaintiff's past work as a cleaner was not past relevant work, the ALJ's finding that Plaintiff could perform her past relevant work as a fast food worker is supported by substantial evidence. The Commissioner alleges that Plaintiff fails to cite to any inconsistencies between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT") description, and "[b]ecause the DOT's description of the fast food worker job does not explicitly preclude its performance by a person with the functional limitations contained in the RFC finding, remand to further address Plaintiff's ability to perform her past relevant work is unwarranted." [*Id.* at 15].

However, as the Court has already found that Plaintiff's case should be remanded to reconsider Dr. Summers' opinion in the RFC determination, the Court declines to address Plaintiff's claims that the ALJ erred in finding that she could perform past relevant work as a cleaner and fast food worker. On remand, the ALJ should address his determination that Plaintiff's past work as a cleaner constituted substantial gainful activity, identify any inconsistencies between the VE's testimony and the DOT, and explain his decision that Plaintiff's RFC allowed her to perform her past relevant work as a fast food worker.

## V.     CONCLUSION

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings [**Doc. 22**] will be **GRANTED IN PART**, and the Commissioner's Motion for Summary Judgment [**Doc. 24**] will be **DENIED**. This case will be **REMANDED** to the SSA for the ALJ to appropriately reevaluate the opinion of Plaintiff's consultative examiner, Dr. Summers, and reassess Plaintiff's RFC in light of this evaluation.

ORDER ACCORDINGLY.

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge